STARK, Appellant, vs. HUBER MANUFACTURING COMPANY, Respondent.

*January 11—January 31, 1911.*

*Principal and agent: Notes taken by agent as his own property: Evidence.*

Findings of the trial court that certain notes given by the purchasers of machinery were accepted by the agent making the sale as his own property and were so treated by him from the time of their execution, and hence that he did not purchase them from his principal, are *held* to be sustained by the evidence, although the notes were executed upon printed forms naming the principal as payee and were afterwards indorsed by the principal "without recourse."

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*
The defendant is a corporation incorporated under the laws

of the state of Ohio and manufactures boilers, steam engines, and agricultural implements. The plaintiff was the local agent of the defendant at Fond du Lac, Wisconsin.

The plaintiff as agent of the defendant had negotiations with one Fredericks for furnishing Fredericks with an outfit of machines furnished by the defendant. When delivered to the plaintiff it was found that the outfit was not in all respects what Fredericks had desired and ordered and in consequence it was refused by him. The plaintiff then retained possession of the outfit for the purpose of disposing of it and thereafter entered into negotiations with one Bailey and others with a view to having them take the outfit, and finally on July 17, 1902, made arrangements with Bailey and his partners to take the outfit for $1,874. On this deal the plaintiff's commission would be about $200. Notes and a chattel mortgage upon the outfit, executed by Bailey and his partners in favor of the defendant, were received and recorded by the plaintiff. The defendant was unwilling to take the paper and security of the purchasers in settlement of the indebtedness, and an arrangement was made on July 25, 1902, between the plaintiff and the traveling agent of the defendant whereby the plaintiff was to execute his note, due January 1, 1903, in favor of the defendant for $1,675, the net sum defendant was to receive for the outfit, and was to receive the notes and other security executed by Bailey and his partners on blanks of the defendant and running in its name. The plaintiff paid his note for $1,675 in favor of the defendant when it became due and duly received the notes of William Bailey and his partners, indorsed "without recourse," and the chattel mortgage. The plaintiff, believing that the notes and chattel mortgage made in the name of the defendant were void under the provisions of sec. 1770b, Stats. (1898), because the defendant had not filed a copy of its articles of incorporation with the secretary of state, arranged with Bailey and his new partner for the execution on April 18, 1904, of a new chattel mortgage and

notes to cover the indebtedness due for the outfit sold to Bailey and his partners. These were delivered to and retained by the plaintiff. An execution on a judgment in favor of the Northern Thresher Company was levied upon the interest of William Bailey in the outfit sold to Bailey and his partners, and the plaintiff, believing that the lien thus created was prior to his new chattel mortgage, paid $571.75 and satisfied this claim to protect his chattel mortgage claim on the property.

Plaintiff brings this action to recover the amount thus paid by him in satisfaction of the claim under the levy mentioned above, alleging that he had purchased the notes and mortgage executed by Bailey and his partners from the defendant and that he had paid the lien for $571.75 in good faith to protect the defendant and to minimize the damages he would have against the defendant.

The court found that the plaintiff had sold the outfit to Bailey and his partners on his own account and that the defendant was not the vendor of the outfit to Bailey and his partners, but that they bought it directly from the plaintiff, who took notes for the purchase price on blanks running to the defendant but for himself, and that the transaction was regarded and treated by both the plaintiff and the defendant as a sale of the outfit by the plaintiff.

This is an appeal from the judgment of the trial court dismissing the complaint and awarding costs to the defendant.

The cause was submitted for the appellant on the briefs of *Gerrit T. Thorn,* attorney, and *Charles H. Forward,* of counsel, and for the respondent on the brief of *R. L. Morse.*

SIEBECKER, J. The only issue raised in this action is one of fact pertaining to the purchase of the Bailey notes by the plaintiff from the defendant. The trial court found that the plaintiff was acting as defendant's agent in the season of 1902; that the plaintiff accepted and treated these notes of the purchasers of the threshing outfit as his own from the time

of their execution; that it was understood between the plaintiff and the defendant that the plaintiff received them as his own property, and that he therefore gave his personal note for the amount due the defendant for the property so sold by the plaintiff; and that under the circumstances shown the defendant was not the owner of the notes in question, and hence that the plaintiff did not purchase them from the defendant. We have examined the evidence and are persuaded that the court's conclusions of fact are supported thereby. It appears that the defendant's representative at no time accepted these notes as payment for the threshing outfit, nor were they so received for the defendant by the plaintiff as its agent. The defendant's agent persistently maintained that the plaintiff, in dealing with the purchasers of this outfit, accepted their notes as his property and at no time accepted them for the defendant. This is corroborated by plaintiff's conduct and express declaration.

The fact that the notes were executed on printed forms in the name of the defendant is not conclusive of the fact that they were not the plaintiff's property under the circumstances attending their execution. Such form of the notes does not render it impossible that the plaintiff accepted them as his property and relied on the expectation that the defendant would formally indorse them so as to make the written evidence of his title complete. Under this state of the evidence we cannot hold that the findings of the trial court are against the clear preponderance of the evidence, and they must stand.

*By the Court.*—Judgment affirmed.